UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AIYAHNNA JOHNSON and LESGETIT
NETWORKS LLC

　　　　　Plaintiff,

　　v.

ALAMEDA COUNTY SOCIAL
SERVICES, et al.,

　　　　　Defendants.

Case No. 26-cv-01920-TSH

**ORDER DEFERING RULING RE:
PLAINTIFF'S APPLICATION TO
PROCEED IN FORMA PAUPERIS
AND SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. § 1915(E)**

## I.　INTRODUCTION

Plaintiff Aiyahnna Johnson, who appears to bring this case on behalf of herself and Lesgetit Networks LLC, initiated this lawsuit by filing a complaint (ECF No. 1) and application to proceed in forma pauperis (ECF No. 2). For the reasons stated below, the Court **DEFERS** ruling on the in forma pauperis application pending clarification regarding the named plaintiffs. As to the complaint, the Court finds it deficient under 28 U.S.C. § 1915(e). No later than April 9, 2026, Plaintiff(s) must file a first amended complaint curing the deficiencies identified in this screening order. The Court advises that failure to cure these deficiencies could lead to dismissal of this case.

## II.　BACKGROUND

Plaintiffs name as defendants Alameda County Social Services Agency (ACSSA), the City of Los Angeles Department of Public Social Services (LADPSS), Rubrik, Inc., 35 Ventures LLC, Kevin Durant and Rich Kleiman. Compl. at 1-2, ECF No. 1. Plaintiffs allege federal question jurisdiction and, alternatively, diversity jurisdiction, identifying constitutional provisions including the First, Fourth, Fifth, and Fourteenth Amendments, and citing federal civil rights statutes (42 U.S.C. §§ 1983, 1985, 1986) and federal social services statutes relating to SNAP, TANF, and

United States District Court
Northern District of California

Medicaid. *Id.* at 6.

Plaintiffs claim that, from 2018 to the present, ACSSA and LADPSS wrongfully denied or interfered with Johnson's public assistance benefits, including CalFresh, CalWORKs, and Medi-Cal, without required notice or hearings. *Id.* at 8-9. They allege that in November 2022 ACSSA deactivated Johnson's EBT card without explanation after she refused to provide unpaid business consultation services to Kevin Durant; that ACSSA failed to process exempt status paperwork submitted November 14, 2022; that ACSSA refused to seal her case file; and that ACSSA garnished her 2024 tax refund for aid allegedly obtained under duress without a hearing. *Id.* at 8. Plaintiffs also allege ACSSA and LADPSS treated Johnson differently than similarly situated recipients based on her refusal to provide unpaid services to Kevin Durant and coordinated with private parties to punish her, resulting in discriminatory denial of benefits. *Id.* at 9.

Plaintiffs assert that ACSSA, LADPSS, Kevin Durant, Rich Kleiman, 35 Ventures LLC, and Rubrik, Inc. unlawfully accessed, shared, and exploited Johnson's confidential social services records and personal data without authorization, and that ACSSA and LADPSS provided her private information to Durant, 35 Ventures, and Rubrik for improper purposes including monitoring and employment blackballing. *Id.* at 8-9. Plaintiffs further allege a civil conspiracy among all defendants to deprive her of constitutional rights by denying public assistance for improper reasons, sharing confidential data, blackballing her from employment, monitoring and harassing her, and denying equal protection and due process. *Id.*

In addition to constitutional and statutory claims, Plaintiffs assert intentional infliction of emotional distress, invasion of privacy, breach of confidentiality, unjust enrichment related to business consultation services allegedly provided from 2018 to 2022, interference with prospective economic advantage, and civil harassment. *Id.* at 9-10. Plaintiffs allege Durant and his associates blackballed Johnson from employment, contacted employers and prospective employers, manipulated background checks, and used influence to prevent her from obtaining work. *Id.* at 8, 10.

Plaintiffs claim economic damages of $60,000,000 for lost income, unpaid services, loss of earning capacity, garnished funds, and denied benefits; emotional distress damages of

$60,000,000; and punitive damages, along with injunctive relief restoring benefits and prohibiting further harassment, and attorneys' fees and costs.

### III.    IN FORMA PAUPERIS APPLICATION

A district court may authorize the start of a civil action in forma pauperis if the court is satisfied the would-be plaintiff cannot pay the filling fees required to pursue the lawsuit. *See* 28 U.S.C. § 1915(a)(1). Here, Johnson submitted the required documentation demonstrating an inability to pay the costs of this action, and it is evident from the application that the listed assets and income are insufficient to enable payment of the fees. However, Johnson and Lesgetit Networks LLC are both listed as Plaintiffs in this case, and a corporation may not proceed in forma pauperis. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201 (1993) (holding that "person" in § 1915(a) "refers only to individuals"). As such, if Lesgetit Networks LLC remains a named plaintiff, it may not proceed in forma pauperis and must pay the $405 filing fee. Accordingly, the Court shall defer ruling on the in forma pauperis application pending resolution of this issue.

### IV.    SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)

**A.    Legal Standard**

A court must dismiss an in forma pauperis complaint before service of process if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(i)-(iii). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). As such, the complaint must allege facts that plausibly establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In making this determination, the Court must "take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to

United States District Court
Northern District of California

the plaintiff." *Watison*, 668 F.3d at 1112 (citation omitted). The Court must also "construe a pro se plaintiff's pleadings liberally and afford the petitioner the benefit of any doubt." *Id.* (cleaned up). However, the Court "may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

### B.    Application

#### 1.    Named Plaintiffs

As discussed above, both Johnson and Lesgetit Networks LLC are listed as the plaintiffs in this case. However, "[a] corporation may appear in federal court only through licensed counsel." *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (citing *Rowland*, 506 U.S. at 202); Civ. L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."). There is no information before the Court indicating that Johnson is an attorney and, based on the present record, she would therefore be unable represent Lesgetit Networks. Accordingly, either (1) Lesgetit Networks must file a notice of appearance through counsel or (2) Johnson must file an amended complaint without Lesgetit Networks as a named plaintiff. Failure to retain counsel on behalf of Lesgetit Networks LLC could result in dismissal of its claims. *Cf. Emp. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) (affirming entry of default judgment where corporate defendant failed to obtain substitute counsel).

#### 2.    Rule 8

Under the Federal Rules of Civil Procedure, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The failure to comply with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without merit. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written . . . without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at 1180. To comply with Rule 8, a complaint need not provide detailed factual allegations, but it is "a plaintiff's obligation to provide the grounds of his entitlement to relief." *Twombly*, 550 U.S. at 555 (cleaned up). A plaintiff must do more than assert "labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, the plaintiff must provide sufficient factual allegations "to state a claim to relief that is plausible on its face." *Id.* at 570.

Here, because Plaintiff is self-represented, the Court must construe the pleadings liberally and afford Plaintiff the benefit of the doubt. *Watison*, 668 F.3d at 1112. However, a party's pro se status does not relieve them of conformity to the pleading rules. *See, e.g.*, *Romano v. U.S. Army Core of Eng'rs*, 2017 WL 6448221, at *1 (N.D. Cal. Dec. 18, 2017).

The Ninth Circuit has held that "shotgun pleadings," where "a party indiscriminately incorporates assertions from one count to another," can serve as a basis for dismissal under Rule 8. *Gibson v. City of Portland*, 165 F.4th 1265, 1288–90 (9th Cir. 2026); *see id.* at 1290 ("We have a prudential obligation to clarify to district courts that in an appropriate case, like this one, they can dismiss shotgun pleadings."). In other words, shotgun pleadings "that fail to provide the opposing parties and the district court with sufficient notice of the claims and their basis" fail under Rule 8. *Id.* at 1290. Importantly, "district courts do not have to accept such shotgun pleadings. It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts." *Id.* at 1289.

There are four main types of shotgun pleadings:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to be a combination of the entire complaint; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into a different count each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1288 (quoting 35A C.J.S. *Fed. Civ. Proc.* § 310 (2025) and citing 61A Am. Jur. 2d *Pleading* § 159 (2025)). "[T]he problem with shotgun pleadings is that they make it difficult, if not impossible, for the opposing party to formulate a response." *Id.* (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) ("The unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims

United States District Court
Northern District of California

against them and the grounds upon which each claim rests."). "But the defendant is not the only interested party affected. '[Shotgun pleadings] waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts.'" *Id.* (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (alteration in original)).

Here, Plaintiff's complaint asserts multiple claims against multiple defendants without setting forth how each defendant is liable for each claim. Blanket allegations that all defendants assisted the others to perform all alleged violations are not sufficiently specific to place the defendants on notice of the allegations against them. A plaintiff must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (cleaned up). As currently plead, a putative defendant would not know where to begin in responding. As such, Plaintiff must file an amended complaint to comply with Rule 8's pleading requirement. *See Gibson*, 165 F.4th at 1290 ("But when district courts identify shotgun pleadings, they should not hesitate to afford such parties one last opportunity to make themselves understood."). To comply with Rule 8's pleading requirement, Plaintiff must amend the complaint to allege: (1) the specific laws or rights that you think the defendant(s) violated; (2) for each law or right, state the specific factual allegations that connect each defendant with the alleged wrongdoing, including the dates, the names of people involved, and what those people did to you; (3) how you were harmed; and (4) what relief you seek.

### 3.    **Claims Against Private Actors**

Plaintiff seeks to bring constitutional claims against private actors. However, "most rights secured by the Constitution are protected only against infringement by governments," so "the conduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936–37 (1982) (internal quotation marks omitted). Thus, a plaintiff seeking to challenge a private party's conduct under § 1983 must show that "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State," meaning that the private party's conduct is "state action." *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 993 (9th Cir. 2013) (quoting *Lugar*, 457 U.S. at 936-37). If the conduct "is not so

United States District Court
Northern District of California

attributable, then there is no 'state action' and no violation." *Id.* Purely private conduct, no matter how wrongful, is not covered under § 1983. *See Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974). For such private conduct the wrongdoer faces potential liability in state courts, but a federal action would not lie under § 1983. *Id.* As such, if Plaintiff seeks to bring constitutional claims against private actors, she must plausibly allege their conduct is "state action."

## V.    CONCLUSION

For the reasons above, the Court **DEFERS** ruling on the application to proceed in forma pauperis and finds the complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e). The Court **ORDERS** Plaintiff(s) to file an amended complaint by April 9, 2026. If Lesgetit Networks LLC remains a named plaintiff, counsel must file a notice of appearance on its behalf and pay the $405 filing fee by April 6, 2026.

### A.    Requirements for Amended Complaint

Because an amended complaint replaces the previous complaint, it may not incorporate claims or allegations in the original complaint by reference. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); Civ. L.R. 10-1 (an amended pleading "may not incorporate any part of a prior pleading by reference."). Instead, any amendment must include all of the facts and claims to be presented and all of the defendants that are to be sued. In addition, any amended complaint must include the following sections:

**Caption Page**
On the first page, list the names of the defendant(s), the case number used in this order (26-cv-01920-TSH), the title ("FIRST AMENDED COMPLAINT"), and write "Demand for Jury Trial" if you want your case to be heard by a jury.

**Form of Pleadings**
The factual allegations and claims must be written in numbered paragraphs, each limited as far as practicable to a single set of circumstances.

**Subject Matter Jurisdiction**
The first numbered paragraph in your complaint (labeled "Jurisdiction") should explain why this Court has the power to decide this kind of case. A federal court can hear a case based on a federal question jurisdiction (a violation of federal law under 28 U.S.C. § 1331) or diversity jurisdiction (when all plaintiffs and all defendants

United States District Court
Northern District of California

7

are citizens of different states disputing more than $75,000) under 28 U.S.C. § 1332.

**Parties**
In separate paragraphs for each party, identify the plaintiff(s) and defendant(s) in the case.

**Statement of Facts**
Explain the important facts in numbered paragraphs, describing how the defendant(s) violated the law and how you have been injured.

**Claims**
Include a separate heading for each legal claim (Claim 1, Claim 2, etc.), identifying the specific law that you think the defendant(s) violated and explaining in numbered paragraphs what each defendant did to violate each law.

**B.    Assistance for Self-Represented Litigants**

The Court encourages Plaintiff to seek assistance from the Federal Pro Bono Project, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982. At the Federal Pro Bono Project, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at https://www.cand.uscourts.gov/pro-se-litigants/.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case. The handbook is available in person at the Clerk's Office and online at:

https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: March 9, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

8