UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIYAHNNA JOHNSON, et al., | Case No. 26-cv-01920-TSH |
| Plaintiffs, | |
| v. | **SECOND SCREENING ORDER PURSUANT TO 28 U.S.C. § 1915(E)** |
| ALAMEDA COUNTY SOCIAL SERVICES AGENCY, et al., | |
| Defendants. | |

## I.    INTRODUCTION

On March 9, 2026, the Court screened the original complaint filed in this case, finding it deficient under 28 U.S.C. § 1915(e).  ECF No. 4.  The Court also deferred ruling on Plaintiff Aiyahnna Johnson's in forma pauperis application (ECF No. 2) pending clarification regarding the named plaintiffs.  Johnson and her adult son, Kaveri Traylor, have now filed a First Amended Complaint.  ECF No. 7.  Traylor has also filed an application to proceed in forma pauperis.  ECF No. 8.  For the reasons stated below, the Court **GRANTS** the applications but finds the amended complaint is still deficient.  No later than May 11, 2026, Plaintiffs must file a second amended complaint curing the deficiencies identified in this screening order.  The Court advises Plaintiffs that failure to cure these deficiencies could lead to dismissal of this case.

## II.    BACKGROUND

### A.    Original Complaint

On March 5, 2026, Plaintiffs Aiyahnna Johnson and what appeared to be a second plaintiff, Lesgetit Networks LLC, filed the original complaint in this case, naming as defendants Alameda County Social Services Agency (ACSSA), the City of Los Angeles Department of Public Social

Services (LADPSS), Rubrik, Inc., 35 Ventures LLC, Kevin Durant and Rich Kleiman.  Compl. at 1-2, ECF No. 1.  Plaintiffs alleged federal question jurisdiction and, alternatively, diversity jurisdiction, identifying constitutional provisions including the First, Fourth, Fifth, and Fourteenth Amendments, and citing federal civil rights statutes (42 U.S.C. §§ 1983, 1985, 1986) and federal social services statutes relating to SNAP, TANF, and Medicaid.  *Id.* at 6.

Plaintiffs claimed that, from 2018 to the present, ACSSA and LADPSS wrongfully denied or interfered with Johnson's public assistance benefits, including CalFresh, CalWORKs, and Medi-Cal, without required notice or hearings.  *Id.* at 8-9.  They alleged that in November 2022 ACSSA deactivated Johnson's EBT card without explanation after she refused to provide unpaid business consultation services to Kevin Durant; that ACSSA failed to process exempt status paperwork submitted November 14, 2022; that ACSSA refused to seal her case file; and that ACSSA garnished her 2024 tax refund for aid allegedly obtained under duress without a hearing.  *Id.* at 8.  Plaintiffs also alleged ACSSA and LADPSS treated Johnson differently than similarly situated recipients based on her refusal to provide unpaid services to Kevin Durant and coordinated with private parties to punish her, resulting in discriminatory denial of benefits.  *Id.* at 9.

Plaintiffs asserted that ACSSA, LADPSS, Kevin Durant, Rich Kleiman, 35 Ventures LLC, and Rubrik, Inc. unlawfully accessed, shared, and exploited Johnson's confidential social services records and personal data without authorization, and that ACSSA and LADPSS provided her private information to Durant, 35 Ventures, and Rubrik for improper purposes including monitoring and employment blackballing.  *Id.* at 8-9.  Plaintiffs further alleged a civil conspiracy among all defendants to deprive her of constitutional rights by denying public assistance for improper reasons, sharing confidential data, blackballing her from employment, monitoring and harassing her, and denying equal protection and due process.  *Id.*

In addition to constitutional and statutory claims, Plaintiffs asserted intentional infliction of emotional distress, invasion of privacy, breach of confidentiality, unjust enrichment related to business consultation services allegedly provided from 2018 to 2022, interference with prospective economic advantage, and civil harassment.  *Id.* at 9-10.  Plaintiffs alleged Durant and

United States District Court
Northern District of California

2

his associates blackballed Johnson from employment, contacted employers and prospective employers, manipulated background checks, and used influence to prevent her from obtaining work. *Id.* at 8, 10.

Plaintiffs claimed economic damages of $60,000,000 for lost income, unpaid services, loss of earning capacity, garnished funds, and denied benefits; emotional distress damages of $60,000,000; and punitive damages, along with injunctive relief restoring benefits and prohibiting further harassment, and attorneys' fees and costs.

**B.    First Screening Order**

On March 9, 2026, the Court screened the original complaint and found several issues. ECF No. 4.  First, while Johnson and Lesgetit Networks LLC were listed as the plaintiffs, no counsel appeared on behalf of Lesgetit Networks.  As a corporation may appear in federal court only through licensed counsel, the Court directed Lesgetit Networks to file a notice of appearance through counsel or for Johnson to file an amended complaint without Lesgetit Networks as a named plaintiff.

As to Plaintiffs' allegations, the Court found the complaint did not comply with Federal Rule of Civil Procedure 8 because it asserted multiple claims against multiple defendants without setting forth how each defendant was liable for each claim.  The Court directed Plaintiffs to file an amended complaint and allege: (1) the specific laws or rights they think Defendants violated; (2) for each law or right, state the specific factual allegations that connect each defendant with the alleged wrongdoing, including the dates, the names of people involved, and what those people did to you; (3) how they were harmed; and (4) what relief they seek.

The Court also noted Plaintiffs sought to bring constitutional claims against private actors, but they had not plausibly alleged the defendants' conduct could be considered state action.  The Court directed Plaintiffs to file an amended complaint by April 9, 2026, warning that failure to cure these deficiencies could lead to dismissal of their case.

**C.    Amended Complaint**

Plaintiffs Johnson and Traylor filed the operative First Amended Complaint on March 27, 2026.  ECF No. 7.  The named defendants are two county social services agencies (ACSSA and

United States District Court
Northern District of California

3

LADPSS), a technology vendor (Rubrik, Inc.), several individuals and entities allegedly connected to Rubrik or to Johnson's former employers (35 Ventures LLC, Kevin Durant, Rich Kleiman, Nate Miley, Candace Elder, the East Oakland Collective, and Ieasha Larkpor), and Does 1–50.

Plaintiffs allege that, from 2016 through 2025, Defendants engaged in a coordinated course of conduct that accessed and misused Johnson's confidential government records, interfered with her public benefits and employment, and precipitated the removal of her children, resulting in ongoing financial and personal harms. First Am. Compl. at 1-2. Plaintiffs state they reside together in Oakland, California, along with Johnson's minor daughter, and that as a result of Defendants' conduct they face eviction, documented unpaid obligations totaling $27,744, lapsed insurance, and an employment blackout tied to the alleged withholding of Johnson's background check results. *Id.* at 1-2.

Johnson alleges ACSSA and LADPSS maintained her social services case data in systems managed by Rubrik and that Kevin Durant, an advisory board member to Rubrik, obtained unauthorized, non-aggregated access to her individual records over multiple years without her consent. *Id.* at 3. On April 26, 2019, Johnson emailed LADPSS Director Khan Vu identifying Kevin Durant and Rubrik as the source of unauthorized access, reporting job loss tied to that access, and requesting that her file be sealed; Plaintiffs allege no corrective action followed. *Id.* at 4, 8.

Plaintiffs further allege that, beginning in 2018, ACSSA wrongfully interfered with or denied Johnson's CalFresh, CalWORKs, and Medi-Cal benefits without required notice or hearings, including deactivation of her EBT card, failure to process exempt status paperwork, interception of a $2,500 state tax refund without a hearing, and a lapse in Medi-Cal coverage that allegedly led to uninsured medical debt. *Id.* at 4. Johnson contends she repeatedly complained to named ACSSA and LADPSS personnel but received no assistance or information regarding complaint procedures or rights, and that an ACSSA email advising that her case sealing issue had been resolved proved inaccurate. *Id.*

With respect to employment, Plaintiffs allege defendants interfered with Johnson's newly obtained position at Sky Limo in Los Angeles and obstructed dissemination of her background

4

United States District Court
Northern District of California

check results to prospective employers, resulting in termination or loss of employment opportunities with multiple employers and a complete inability to secure new work. *Id.* Johnson alleges Durant, 35 Ventures, and Kleiman interfered with Sky Limo management, leading to her April 2019 termination, and that ACSSA and LADPSS have withheld or manipulated her background check since 2017, yielding a 100% termination rate across identified employers. *Id.* at 4-5.

Plaintiffs also allege unconstitutional child welfare interventions in 2019. *Id.* at 5. They allege LADPSS located Johnson's family at a therapy appointment on May 28, 2019, removed Traylor and placed him on a six-day § 5150 hold without an abuse finding, and then removed both children on June 17, 2019; although a DCFS social worker later closed the investigation as "inconclusive" on July 5, 2019 (confirmed by a July 10, 2019 letter). *Id.* Plaintiffs allege subpoenas for medical records continued thereafter, including to BHC Alhambra Hospital. *Id.* Plaintiffs allege reunification occurred in approximately 2022 by court order, after the removal of the presiding judge and replacement of a caseworker, but Traylor continues to suffer PTSD arising from the childhood psychiatric hold and subsequent separation. *Id.*

Regarding Johnson's later employment, Plaintiffs allege Johnson worked as a top-performing care coordinator at East Oakland Collective from approximately 2021 until May 2025, when she was terminated by Director Candace Elder. *Id.* at 3, 5. They contend this occurred in coordination with ACSSA's interception of a $2,500 tax refund, political coordination by County Supervisor Nate Miley, and a contemporaneous social media post by Durant. *Id.* at 5. Plaintiffs further allege Miley used his oversight to obstruct a CARB grant connected to Johnson's work on the AB617 board, resulting in lost funding and business impacts. *Id.* at 5-6.

Plaintiffs also allege several incidents they characterize as retaliatory and threatening following their pursuit of legal complaints, including the theft of Johnson's vehicle in May 2025, creation of an official record of Johnson's residential address after police arrived at her home on June 2, 2025, tampering with her mailbox, and an online post offering $3,600 to harm a person whose name "starts with A and ends with A," which Plaintiffs assert refers to Johnson. *Id.* at 6, 9.

Finally, Plaintiffs allege an ongoing financial emergency linked to the alleged background

check withholding and benefits manipulation. *Id.* at 6. They identify rent arrears of $6,900, medical debts including $15,555.24 to Sutter Health and $600 to an emergency physician, a county collection notice for $4,224 threatening further tax intercept, a life insurance policy at risk of lapse absent payment of $465.27 by April 13, 2026, and other past-due obligations, totaling $27,744. *Id.*

Plaintiffs bring ten causes of action: (1) Breach of Confidentiality and Data Privacy Violations against ACSSA, LADPSS, and Rubrik; (2) Wrongful Termination against 35 Ventures, Durant, Kleiman, Nate Miley, Candace Elder, and the East Oakland Collective: (3) Intentional Interference with Prospective Economic Advantage against ACSSA, LADPSS, 35 Ventures, Durant, Kleiman, Miley, and Elder; (4) Intentional Infliction of Emotional Distress against all Defendants; (5) Civil Conspiracy against all Defendants; (6) Deprivation of Civil Rights under 42 U.S.C. § 1983 against ACSSA, LADPSS, and Rubrik; (7) Negligence against all Defendants; (8) Human Trafficking against 35 Ventures, Durant, and Kleiman; (9) violation of Cal. Civ. Code § 1708.7 against all Defendants; and (10) Denial of Access to Courts against ACSSA and Miley.

### III.    IN FORMA PAUPERIS APPLICATION

A district court may authorize the start of a civil action in forma pauperis if the court is satisfied the would-be plaintiff cannot pay the filling fees required to pursue the lawsuit. *See* 28 U.S.C. § 1915(a)(1). Plaintiffs submitted the required documentation demonstrating an inability to pay the costs of this action, and it is evident from the applications that the listed assets and income are insufficient to enable payment of the fees. Accordingly, the Court **GRANTS** Plaintiffs' applications to proceed in forma pauperis.

### IV.    SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)

**A.    Legal Standard**

A court must dismiss an in forma pauperis complaint before service of process if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(i)-(iii). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure

6

12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). As such, the complaint must allege facts that plausibly establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In making this determination, the Court must "take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the plaintiff." *Watison*, 668 F.3d at 1112 (citation omitted). The Court must also "construe a pro se plaintiff's pleadings liberally and afford the petitioner the benefit of any doubt." *Id.* (cleaned up). However, the Court "may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

**B.    Application**

Under the Federal Rules of Civil Procedure, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The failure to comply with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without merit. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written . . . without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at 1180. To comply with Rule 8, a complaint need not provide detailed factual allegations, but it is "a plaintiff's obligation to provide the grounds of his entitlement to relief." *Twombly*, 550 U.S. at 555 (cleaned up). A plaintiff must do more than assert "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, the plaintiff must provide sufficient factual allegations "to state a claim to relief that is plausible on its face." *Id.* at 570.

Here, because Plaintiffs are self-represented, the Court must construe the pleadings liberally and afford them the benefit of the doubt. *Watison*, 668 F.3d at 1112. However, Plaintiff's pro se status does not relieve Plaintiff of conformity to the pleading rules. *See, e.g.*, *Romano v. U.S. Army Core of Eng'rs*, 2017 WL 6448221, at *1 (N.D. Cal. Dec. 18, 2017).

United States District Court
Northern District of California

The Ninth Circuit has held that "shotgun pleadings," where "a party indiscriminately incorporates assertions from one count to another," can serve as a basis for dismissal under Rule 8. *Gibson v. City of Portland*, 165 F.4th 1265, 1288–90 (9th Cir. 2026); *see id.* at 1290 ("We have a prudential obligation to clarify to district courts that in an appropriate case, like this one, they can dismiss shotgun pleadings."). In other words, shotgun pleadings "that fail to provide the opposing parties and the district court with sufficient notice of the claims and their basis" fail under Rule 8. *Id.* at 1290. Importantly, "district courts do not have to accept such shotgun pleadings. It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts." *Id.* at 1289.

There are four main types of shotgun pleadings:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to be a combination of the entire complaint; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into a different count each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1288 (quoting 35A C.J.S. *Fed. Civ. Proc.* § 310 (2025) and citing 61A Am. Jur. 2d *Pleading* § 159 (2025)). "[T]he problem with shotgun pleadings is that they make it difficult, if not impossible, for the opposing party to formulate a response." *Id.* (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) ("The unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.")). "But the defendant is not the only interested party affected. '[Shotgun pleadings] waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts.'" *Id.* (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (alteration in original)).

Several issues exist with Plaintiffs' amended complaint. First, Plaintiffs list who each cause of action is brought against, but they do not state whether the claim is brought by Johnson,

8

Traylor, or both. In a complaint filed by more than one plaintiff, each claim for relief asserted in favor of each plaintiff should be separately stated and numbered, since claims may not be relevant to all plaintiffs, and defenses might be available as to one plaintiff which are not available as to others. *See Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840 (9th Cir. 2000) ("[E]ach plaintiff's claim being founded upon a separate transaction or occurrence, it is properly stated in a separate count because a separation facilitates the clear presentation of the matters set forth.") (cleaned up; quoting Fed. R. Civ. P. 10(b)). This is especially true here, where most of the allegations center on Johnson, and it is unclear how Traylor seeks to bring claims based on those facts. *See id.* ("Separate counts will be required if necessary to enable the defendant to frame a responsive pleading or to enable the court and the other parties to understand the claims.") (quotations and citation omitted). Accordingly, Plaintiffs must amend the complaint so that each claim for relief asserted in favor of each of them is separately stated and numbered.

Second, for each cause of action. Plaintiffs state they "incorporate all preceding paragraphs." While they provide an example or two of their allegations under each claim, a complaint is not proper under Rule 8 "where each count adopts the allegations of all preceding counts, causing each successive count to be a combination of the entire complaint." *See Gibson*, 165 F.4th at 1288. As the Court previously advised, Plaintiffs must, under each cause of action and for each named plaintiff, state the specific factual allegations that connect each defendant with the alleged wrongdoing, including the dates, the names of people involved, and what those people did to you.

Third, Plaintiffs continue to assert multiple claims against "All Defendants," but they do not set forth a short and plain statement showing how each defendant is liable for each claim. Blanket allegations that all defendants assisted the others to perform all alleged violations are not sufficiently specific to place the defendants on notice of the allegations against them. A plaintiff must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (cleaned up). As currently pled, a putative defendant would not know where to begin in responding to many of Plaintiffs' claims. Thus, to comply with Rule 8's pleading requirement, Plaintiff must amend the complaint to allege: (1) the specific laws

or rights that you think the defendant(s) violated; (2) for each law or right, state the specific factual allegations that connect each defendant with the alleged wrongdoing, including the dates, the names of people involved, and what those people did to you; (3) how you were harmed; and (4) what relief you seek.  Plaintiffs are advised that it is not enough to state they "incorporate all preceding paragraphs" at the start of each cause of action.

**V.    CONCLUSION**

For the reasons above, the Court finds Plaintiff's amended complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e).  However, given the pro se status of Plaintiffs, and because it is not clear that the deficiencies of the complaint could not be cured by amendment, the Court shall grant another opportunity to amend.  Accordingly, the Court **ORDERS** Plaintiffs to file a second amended complaint by May 11, 2026.  Pending resolution of the pleadings, the Court **VACATES** the June 4, 2026 case management conference and related deadlines.

**A.    Requirements for Amended Complaint**

Because an amended complaint replaces the previous complaint, it may not incorporate claims or allegations in the original complaint by reference.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992)); Civ. L.R. 10-1 (an amended pleading "may not incorporate any part of a prior pleading by reference.").  Instead, any amendment must include all of the facts and claims to be presented and all of the defendants that are to be sued.  In addition, any amended complaint must include the following sections:

> **Caption Page**
> On the first page, list the names of the defendant(s), the case number used in this order (26-cv-01920-TSH), the title ("SECOND AMENDED COMPLAINT"), and write "Demand for Jury Trial" if you want your case to be heard by a jury.
>
> **Form of Pleadings**
> The factual allegations and claims must be written in numbered paragraphs, each limited as far as practicable to a single set of circumstances.
>
> **Subject Matter Jurisdiction**
> The first numbered paragraph in your complaint (labeled "Jurisdiction") should explain why this Court has the power to decide this kind of case.  A federal court can hear a case based on a federal question jurisdiction (a violation of federal law under 28 U.S.C. § 1331) or diversity jurisdiction (when all plaintiffs and all defendants

United States District Court
Northern District of California

are citizens of different states disputing more than $75,000) under 28 U.S.C. § 1332.

**Parties**
In separate paragraphs for each party, identify the plaintiff(s) and defendant(s) in the case.

**Statement of Facts**
Explain the important facts in numbered paragraphs, describing how the defendant(s) violated the law and how you have been injured.

**Claims**
Include a separate heading for each legal claim (Claim 1, Claim 2, etc.), identifying the specific law that you think the defendant(s) violated and explaining in numbered paragraphs what each defendant did to violate each law.

**B.      Assistance for Self-Represented Litigants**

The Court encourages Plaintiffs to seek assistance from the Federal Pro Bono Project, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982.  At the Federal Pro Bono Project, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available at https://www.cand.uscourts.gov/pro-se-litigants/.

Plaintiffs may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case.  The handbook is available in person at the Clerk's Office and online at: https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: April 10, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California